67  503
81  315

No. 2331.

THE SABINE & EAST TEXAS RAILWAY COMPANY *v.* WILLIAM HADNOT.

1. PLEADING.—In an action to recover damages against a railway company for injuries resulting from its failure to construct its road as required by Revised Statutes, Article 4171, negligence and want of skill in its construction need not be alleged *in totiedem verbis*, if the petition contain distinct averments from which the deduction would necessarily follow that such negligence or want of skill existed.

2. TESTIMONY OF EXPERTS.—The testimony of scientific railway engineers that they had constructed a road bed skillfully, and in accordance with

scientific rules, should not—in a suit for damages claimed on account of injury to crops caused by water being backed up by the road bed after a rainfall, not extraordinary in its character—prevail' over the testimony of others, if such other testimony is believed by the jury, to the effect that the road bed did in fact cause the injury.

3. NEGLIGENCE—OVERFLOW.—An overflow occurring on the line of railroad bed built a few years afterwards, followed by two other overflows occur·ring after the road was built, and within nine months of each other, tended so strongly to the conclusion that such overflows might reasonably have been expected, that a verdict for damages caused by the railway bed damming up the water and destroying crops, was not set aside.

4. EXCESSIVE VERDICT—PRACTICE.—The Supreme Court declined to consider whether a verdict for damages, clearly excessive, presented a case where a remittitur was proper to correct the excess (after the remittitur of the excess had been entered), when no specific assignment of errors was found complaining of the excessive verdict.

APPEAL from Jefferson. Tried below before the Hon. W. H. Ford.

Appellee sued March 18, 1885, for damages placed at one thousand two hundred and sixty-five dollars to his garden crops and land, of three quarters of an acre, by reason of two overflows, one from May 25 to July 10, 1884, and the other beginning in January, 1885, and continuing six weeks, alleging that the water had been obstructed of its natural outflow and caused to stand on appellee's lands and crops longer than it otherwise would, by reason of appellant's railroad grade of earth, which had been constructed from three to four feet high, from Taylor's Bayou to Sabine Pass, in the year 1882.

Appellant answered by amendment setting up a general demurrer; special exceptions; plea of jurisdiction; not guilty; general denial; special denial; contributory negligence, and that the overflows were extraordinary, etc.

Verdict and judgment for appellee (plaintiff) in the sum of three hundred and eighty-two dollars and three cents.

*O'Brien & John,* for appellant, cited Gulf, Colorado & Santa Fe Railway Company v. Helsley, 62 Texas, 594; Revised Civil Statutes, Articles 4170, 4171; Gulf, Colorado & Santa Fe Railway Company v. Donahoo, 59 Texas, 131; Fort Worth & Denver City Railway Company v. Scott, White & Willson's Condensed Reports, volume 2, page 140; Clark's Administrator v. Hannibal & St. Joe Railroad Company, Missouri Reports, volume 36, page 202; Philadelphia & Reading Railroad v. Yerger et al., 73 Penn-

sylvania, 126; Texas & New Orleans Railroad v. Sutor, 56 Texas, 501; Brandon v. Manufacturing Company, 51 Texas, 128; Houston & Great Northern Railroad v. Parker, 50 Texas, 330, and cases therein cited; Texas & Pacific Railway Company v. DeMilley, 60 Texas, 198.

That no damages should be recovered because the rainfall and overflow were extraordinary and unusual, they cited, under proposition in third and fifth assignments, Railroad Company v. Halloren, 53 Texas, 47; Houston & Great Northern Railroad Company v. Parker, 50 Texas, 343.

*Tom J. Russell,* for appellees, cited Revised Statutes, Article 4171; Railroad Company v. Halloren, 53 Texas, 46; Houston & Great Northern Railroad Company v. Parker, 50 Texas, 330; Sabine & East Texas Railway Company v. Joachimi, 58 Texas, 456; Louisville Railway Company v. Thompson, 8 Northeastern Reporter, 18; Crawford v. Rambo, 7 Northeastern Reporter, 429.

GAINES, ASSOCIATE JUSTICE.    The first assignment of error, to the effect that the court erred in overruling defendant's general demurrer to plaintiff's petition, is not well taken.  It was not necessary that the petition should allege negligence or want of skill on the part of the defendant company, in the construction of its railway, in these very words.

It is averred that the effect of the construction of defendant's road was that its grade obstructed the drainage of the surface water over certain sections of land subject to overflow (including plaintiff's) so as to cause it to stand from one to six weeks longer than it would have otherwise done under similar circumstances. If this was a fact, then the defendant company did not comply with the statute, which provides that "in no case shall any railroad company construct a road bed, without first constructing the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof." (Rev. Stat., 4171.) Therefore the necessary deduction from the averments of the petition is that the company did not exercise the proper degree of care and skill in the construction of its road bed.

Some of the allegations of damage contained in the petition should have been stricken out, if a special demurrer had been interposed.  But the value of the crops at the time of their alleged destruction is averred in detail, and this is sufficient in that regard to save the pleading upon general demurrer.

The other assignments of error we need not consider in detail. They call in question the sufficiency of the evidence to sustain the verdict in the following particulars.

It is claimed: first, that the evidence does not show that the losses of plaintiff were the proximate result of the railroad embankment; second, that the evidence showed that the road bed was carefully and skillfully constructed; and, third, that the overflow was of such an extraordinary character that defendant was not liable, although but for the embankment the damage would not have occurred. But in the first place there was the evidence of more than one witness going to show that before the railroad was built, the water on its west side had always run off in five or six days, but that on both of the occasions in question, the water stood in this side of its track four or five weeks, and on the same times went down on the east side of the track in a much shorter time. The floods of May and June, 1884, and of January and February, 1885, undoubtedly caused the destruction of the crops, for which the suit was brought.

In the second place, we think the jury were warranted in finding from the testimony that the railroad embankment caused the water to remain over the land west of it a much longer time than it had ever remained before. This showed that the road was not built as the law required, and was in itself sufficient evidence of negligent and faulty construction. Under the testimony adduced as to the effect of the embankment upon the water, they were authorized to disregard the testimony of the engineers that they had constructed the road in a skillful manner. If they believed plaintiff's witnesses they did not err in permitting the facts sworn to by them to prevail over the opinion of the engineers.

The question of defendant's exemption from liability by reason of the extraordinary character of the overflow, we need not here discuss. A similar question was considered in the opinion in the case of the Gulf, Colorado & Santa Fe Railway Company v. Pomeroy this day delivered, and we think the conclusion there reached decisive of the point now before us. The evidence in this case tended to show that a large scope of country near the town of Sabine Pass, adjoining which plaintiff's land was situated, was subject to overflow by water coming from the north and west. There was evidence going to show that similar floods had occurred not many years before the railroad was built, and the fact that the two overflows in question

occurred in less than nine months of each other, tends very strongly to the conclusion that they were not so extraordinary and unusual, that they might not reasonably have been expected to occur. (G., C. & S. F. Ry. Co. v. Holiday, 65 Texas, 512.)

There is a proposition in the brief of appellant setting up that the damages are excessive. This is nowhere specifically assigned as error. The damages found by the jury were clearly excessive, but the excess has been remitted. In the absence of a distinct assignment upon the point, we do not feel called upon to consider whether this is a case in which a remittitur was proper in order to correct the error of an excessive verdict.

There being no error in the judgment, it is affirmed.

*Affirmed.*

Opinion delivered March 15, 1887.