## Western Union Telegraph Company v. John C. Perry.

Decided October 29, 1902.

**1.—Telegraph Company—Contract to Deliver Message After Office Hours.**

Where a special contract was made by the telegraph company to deliver a message at once, and after its office hours at the place of delivery, extra compensation being paid therefor, the company was liable for nondelivery of the message, although received after its office hours at the delivering point.

**2.—Argument of Counsel—Practice on Appeal.**

Improper argument of counsel may be reviewed on appeal on a bill of exceptions showing objections to the argument, without a request to the trial court to instruct the jury to disregard such argument. Following Telegraph Co. v. Perry, 95 Texas, 645.

**3.—Same—Remarks Affecting Only Amount of Damages—Remittitur.**

Where there is no complaint that the damages allowed are excessive, and the amount is justified by the evidence, improper remarks of counsel going only to the amount will not be cause for reversal, and even where there is an excessive allowance of damages the error can be cured by remittitur.

Appeal from the District Court of Bexar County. Tried below before Hon. S. J. Brooks.

*Norman G. Kittrell* and *Webb & Finley,* for appellant.

*Thos. O. Murphy, Perry J. Lewis,* and *H. C. Carter,* for appellee.

FLY, Associate Justice.—Appellee instituted this suit to recover damages alleged to have accrued on account of the negligence of appellant in failing to deliver a message sent by appellee from San Antonio to his father in Del Rio, inquiring as to the condition of his mother's health. The jury awarded a verdict for $2000.

We find that on November 3, 1899, at night, appellee entered the office of appellant in San Antonio and informed the agent that he desired to send a message to his father in Del Rio inquiring as to the condition of his mother's health. Appellee told the agent that he was very anxious to have the message delivered that night, telling him about his mother being sick. He asked the cost, and was told that it was a dollar in addition to the usual charge. The message to John Perry was received by appellant and was promptly sent to Del Rio, where it was received by the agent of appellant but was not delivered until 8:30 o'clock the next morning. It was immediately answered by the father of appellee, but the answer was received too late for appellee to leave on the morning train, and consequently he did not reach Del Rio until after the death of his mother. After appellee had gone to his hotel after delivering the message to the agent a telephone message was sent requiring an additional dollar for the message, and it was collected the next morning, although the agent the night before had been informed that the message had not been delivered. The father of appellee lived on the principal street in Del Rio and only a few blocks from the telegraph office. The location of his residence was known to the agent.

The evidence established that there was a contract upon the part of the agent of appellant at San Antonio, in consideration of extra remuneration, to deliver the message on the night of November 3, 1899, and the fact that appellee may not have had any messenger boy there at night to deliver messages, and that its office hours in Del Rio were from 7 o'clock a. m. to 7 o'clock p. m. did not relieve it from liability for a failure to deliver. If it had no agent in Del Rio charged with the duty of delivering messages after office hours, it ought not to have contracted as it did to deliver the message. It can not be heard to say that it ought not to be held liable, because it entered into a contract it could not perform, and the court properly refused a charge exonerating appellant from blame if it sent the message from San Antonio to the agent at Del Rio, whether he delivered it to the person to whom it was addressed or not. It had undertaken not only to send the message to its agent at Del Rio, but for increased pay to deliver it to the

addressee, who lived in the town of Del Rio a few blocks from the telegraph office. The message not only was not delivered at night, but was kept by appellant for an hour and a half the next morning after its office hours had commenced.

The question of contributory negligence was not raised by the pleadings (Railway v. Johnson, 90 Texas, 304), and if it had been it was a question of fact to be passed upon by the jury, and a charge requested by appellant which assumed that certain facts constituted negligence was properly refused.

In the closing argument counsel for appellee stated to the jury that the "suit had not been brought for more than $2000 for the reason that the defendant would have removed the case to another tribunal where no recovery was allowed for mental anguish." The argument was objected to by appellant and the court announced that counsel must confine himself to the record, and counsel at once told the jury not to consider the objectionable argument.

The remarks above copied were followed by others to which appellant objected and the objections were sustained by the court, and the complaints of appellant seem to be directed to the failure of the trial judge to instruct the jury to disregard the argument. The trial judge in explanation of his course in not instructing the jury to disregard the argument says that no such instructions were asked by appellant, and there is much authority to the effect that under such circumstances the party complaining of the argument must have asked for such instructions in order to have the argument reviewed. Lunsford v. Dietrich (Ala.), 30 Am. St. Rep., 86; State v. Chisnell (W. Va.), 15 S. E. Rep., 412; Commonwealth v. Worcester, 141 Mass., 58; Vannattee v. Duffy (Ind.), 30 N. E. Rep., 807; State v. Hull (R. I.), 26 Atl. Rep., 191; Landers v. Railway (W. Va.), 33 S. E. Rep., 296; Young v. State, 19 Texas Crim. App., 536; Bonner v. Glann, 79 Texas, 536.

However, in answer to a certified question in this case, the Supreme Court of Texas holds that improper arguments can be reviewed on a bill of exceptions showing objection to the argument without a request to the trial court to instruct the jury to disregard such argument.

This court is of the opinion that none of the remarks of which complaint is made were calculated to influence the verdict, unless it be those above set out, and it is stated in the bill of exceptions that when objection was urged to those remarks the court instructed counsel to confine his remarks to the record, and counsel requested the jury not to consider them. Undoubtedly it would have been more proper for the court to have told the jury not to consider the remarks, but as they were withdrawn by the counsel, and as the amount of the verdict, while it was for the full sum prayed for in the petition, is justified by the facts, and is not complained of as being excessive, we do not find any such evidence of the jury being unduly influenced by the remarks as would justify a reversal of the judgment. The facts fully justifying a verdict in some amount, and the remarks of counsel being directed to

the amount alone, excess in the verdict could form the only ground for the contention that the remarks unduly influenced the jury, and no such ground is presented by the record.

In the case of De la Vergne Refrigerating Co. v. Stahl, 24 Texas Civil Appeals, 471, counsel said to the jury: "If you return a verdict for the plaintiff for less than seven thousand five hundred or eight thousand dollars, you will be criticised, and underestimate the value of injury which plaintiff sustained." The jury returned a verdict for eight thousand dollars. The language and size of the verdict were complained of, and this court said: "Under the above circumstances, what force there is in these assignments is conferred by the fact that a verdict was returned for eight thousand dollars. The remarks merely went to the amount of the recovery, which we may remedy by requiring a remittitur, if excessive." So we could apply the remedy in this case, if the question of excess had been raised.

The other assignments of error are disposed of by the conclusions of fact.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.