## Fort Worth & Denver City Railway Company v. P. H. Partin et Ux.

Decided June 27, 1903.

**1.—Practice—Continuance—Bill of Exceptions—Surprise.**

A bill of exceptions to the refusal of continuance which does not include the application therefor nor otherwise disclose its merits is entitled to no consideration in the appellate court. But note the opinion for the substance of the amended petition held, in view of the substance of the original petition, not to operate a surprise and entitle a continuance.

**2.—Negligence—Charge.**

In defining negligence the charge used the phrase "ordinary prudent man"—substituting the word "ordinary," for the customary and technically correct word "ordinarily." Held, that the objection is hypercritical, especially when tested by the context of the charge.

**3.—Personal Injuries—Declarations as Res Gestae.**

Declarations of the injured party, immediately after receiving the injuries, so intimately connected with the transaction resulting in the injury as to be a part of it, and under circumstances to exclude the idea of fabrication, are properly admitted as res gestae.

**4.—Practice—Special Charge.**

When the general charge comprehensively and correctly embodies a proposition involved in the case, a special charge on that subject is properly refused.

**5.—Duty of Railway Employes—Frightening Teams.**

Liability for frightening a team by the railway whistle would be incurred upon the willful blowing of the whistle, or by sounding it when such employes have reasonable grounds for believing that the noise would cause fright to teams near the track, when from either cause injury resulted from fright of teams—following Hargis v. Railway, 75 Texas, 19. Note affirmative nature of proof on this phaze of the case.

**6.—Damages—Charge.**

It is no ground for reversal that the court referred to the amount of damages claimed—not giving prominence to the amount. The petition claimed $3000 damages and the jury gave $525.

Appeal from the District Court of Hall. Tried below before Hon. S. P. Huff.

*Stanley, Spoonts & Thompson,* for appellant.

*G. A. Brown,* for appellee.

SPEER, Associate Justice.—P. H. Partin, unnecessarily joined by his wife, instituted this suit to recover damages, the most part for personal injuries received by the latter in consequence of her team becoming frightened at the whistling of one of appellant's locomotives, causing it to run away and upset the buggy in which she was riding. The verdict and judgment were for $500, for the personal injuries and $25 for the damages to the buggy and harness.

The first assignment presents no error, because the bill of exception taken to the court's refusal to grant the continuance neither includes the application nor in any other manner brings the same before us for

consideration. The instrument contained in the transcript is not therefore properly a part of the record. Chicago, R. I. & T. Railway Co. v. Long, 7 Texas Ct. Rep., 374.

We have read the application, however, and think the court committed no error in refusing it. The original petition described the injuries as follows: "Caused said horses to run away, throwing plaintiff Mrs. N. L. Partin violently on the ground on her side, causing her great pain. That she was injured both externally and internally, causing her much mental anguish and suffering, and is at this date (twelve days after the accident) unable to be out of bed or attend to her accustomed duties. That she is still suffering much pain on account of the said acts of the defendant, and that said injury to her is permanent, and it is doubtful if she will ever be able to attend to her household affairs again." The amended petition, filed upon the eve of the trial, to some extent amplified the above in this wise: "* * * throwing the plaintiff N. L. Partin violently on the ground, breaking one of her ribs, bruising her side, shoulder and hip." This was not such an amendment as was calculated to surprise the defendant. The allegations of injuries contained in the original petition were general, it is true, but specific in the respect that they were produced by plaintiff having been thrown violently on the ground on her side, and this we consider reasonably sufficient to apprise the defendant of the probable injury to the ribs, shoulder and hip, all these parts of the human body being included in the somewhat comprehensive term "side." Gulf, C. & S. F. Railway Co. v. McMannewitz, 70 Texas, 73; Missouri, K. & T. Railway Co. v. Edling, 45 S. W. Rep., 406; Id. v. Walden, 46 S. W. Rep., 87; City of Dallas v. Jones, 54 S. W. Rep., 606.

The court defined negligence to be the want of such care and caution as an "ordinary prudent man" would exercise under the same circumstances. The use of the word "ordinary" in this connection instead of the preferable word "ordinarily" is not material, especially when the entire context of the charge is considered. San Antonio Gas Co. v. Robertson, 55 S. W. Rep., 347; Houston & T. C. Railway Co. v. Milam, 58 S. W. Rep., 735.

Immediately after the accident the husband and another went to the scene and found Mrs. Partin lying on the ground where she had been thrown out of the buggy. After working with her about twenty minutes she regained consciousness, and in response to a question from her daughter as to what her condition was, she stated: "Thank God, my children are saved, though I am killed." There was no error in permitting the witnesses to detail this statement. It was res gestae. The latter part was clearly indicative of her pain and suffering and so intimately associated with the catastrophe as to be a part of it. The very language excludes the idea of fabrication. International & G. N. Railway Co. v. Anderson, 82 Texas., 516; Texas & Pacific Railway Co. v. Robertson, 82 Texas, 657; Id. v. Hall, 83 Texas, 675. The appellant should not complain, that in the same breath she thanked God

that it hadn't killed her children also. It tended in no way to show mental suffering on account of her children, but rather it was an exclamation of joy immediately upon regaining consciousness that her children were uninjured. For the mental suffering growing out of the apprehensions for her own life she was entitled to recover.

The court's charge sufficiently presented the appellant's defense of contributory negligence, and there was therefore no error in refusing special charges upon that issue.

Neither was there error in refusing the third special charge. We do not think it is the law that before the jury "can return a verdict for the plaintiff you (they) must find that the blowing of the whistle was both wanton and willful." On the contrary, plaintiff would be entitled to a verdict for his damages if the operatives of the engine sounded the whistle after they knew or had reason to believe that the same would frighten his horses.

Whether or not it was the duty of appellant's employes operating its train to keep a reasonable lookout, or to exercise ordinary care, to discover persons and teams along the public road near but not on its right of way, we need not discuss, since we are of opinion the evidence is sufficient in the present case to support a finding that the engineer actually saw Mrs. Partin, and either knew or had reasonable grounds to believe that to sound the whistle in the manner and at the time indicated by the evidence would frighten her team. Witnesses for appellees testified that the engineer, who was on the side of the engine cab nearest appellees, sat at the open window with his face toward them, and that there was no obstruction to prevent his seeing them. Brown v. Griffin, 71 Texas, 659; Railway Co. v. Ball, 25 Texas Civ. App., 500. The engineer admitted that he saw "some people and teams out there and just observed that there was some sort of commotion." He further testified: "I saw eight or ten car lengths past the cattle when I looked out and saw the people in the road. That was when I whistled the two short blasts." The evidence showed that the cattle were some distance ahead of Mrs. Partin, and that the whistling which caused the team to become frightened and to run away occurred after the engine had passed the cattle and while it was nearer to plaintiff's vehicle. We think this evidence tended to show that the engineer saw Mrs. Partin in the highway, and that he knew, or should have known, that to whistle would endanger her. Hargis v. Railway Co., 75 Texas, 19; Gulf, C. & S. F. Railway Co. v. Box, 81 Texas, 670; San Antonio & A. P. Railway Co. v. Belt, 59 S. W. Rep., 611. Notwithstanding the apparent holding otherwise in Hargis v. Railway, supra, some of the latter authorities indicate that it is the duty of the railway employes operating its engines to exercise ordinary care not to frighten teams on public highways near its track by unnecessary noises, notwithstanding such employes may have no actual notice of the proximity of such teams. In other words, where the circumstances are such as to cause a reasonably prudent person to believe that the unnecessary noise would frighten the horses of

any one traveling along the thoroughfare, and thereby cause injury, and such injury follows, there is liability. Missouri, K. & T. Railway Co. v. Traub, 47 S. W. Rep., 282; Id. v. Bellew, 54 S. W. Rep., 1079.

There was no error in instructing the jury that if they found for the plaintiff their verdict would be for the plaintiff not to exceed the sum of $3000, the amount sued for. No such prominence was given the matter as was calculated to impress the jury to the prejudice of appellant. Texas C. Railway Co. v. Burnett, 80 Texas, 536. The recovery was for $525 only, and no objection is urged that this was excessive.

We have carefully considered each assignment and believe the trial below was without error. The judgment is affirmed.

*Affirmed.*

Writ of error refused.