INTERNATIONAL & G. N. RY. CO. v.
JONES et ux. (No. 5436.)†

(Court of Civil Appeals of Texas. San Antonio. March 17, 1915. On Motion for Rehearing April 21, 1915.) ·

1. CONTINUANCE ☞14—GROUNDS — AMENDMENT OF PETITION.
In an action for personal injuries, an amendment of the petition as to the character of the injuries did not entitle defendant to a continuance, where the change made was covered by depositions then on file, the application did not indicate the probability of the necessity

for any further testimony, and no injury or surprise was shown, especially where the amendment made no material·change, and the application was not supported by an affidavit, as expressly required by Rev. St. 1911, art. 1917.
[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 25, 99–112; Dec. Dig. ☞14.]

2. APPEAL AND ERROR ☞1050 — HARMLESS ERROR—ADMISSION OF EVIDENCE.
In an action for personal injuries, evidence that plaintiff did not or could not accept invitations to social functions did not injure defendant, as it could not intensify or add to her testimony as to her physical and mental condition.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

3. CARRIERS ☞298—LIABILITY FOR INJURIES TO PASSENGERS — CONTRIBUTORY NEGLIGENCE.
If a railway passenger was thrown down by an unusual and negligent jerk of a train, it was immaterial whether or·not the train was moving when she arose to leave the car.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1192, 1205, 1206; Dec. Dig. ☞298.]

4. TRIAL ☞350—SPECIAL ISSUES—ISSUES TO BE SUBMITTED.
The court properly refused to submit special issues calling for mere details not controlling the disposition of the case, on the answer to which no judgment could have been predicated, as only the controlling issues should be submitted.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. ☞350.]

5. APPEAL AND ERROR ☞704—RECORD—MATTERS TO BE SHOWN—SPECIAL ISSUES—SUBMISSION TO ADVERSE PARTY.
An assignment of error complaining of ·the refusal to submit special issues cannot be considered, where the bill of exceptions does not indicate that the issues were ever submitted to the counsel for the adverse party.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2900, 2939–2941; Dec. Dig. ☞704.]

6. APPEAL AND ERROR ☞730, 757—BRIEFS—ASSIGNMENTS OF ERROR—REQUISITES AND SUFFICIENCY.
Where assignments of error complaining of the trial court's definitions of proximate cause and negligence did not show what such definitions were, and the charges complained of were not copied into the briefs, there being neither a proposition nor a statement, the court was not called upon to examine the record to find out what the charge was.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016, 3092; Dec. Dig. ☞730, 757.]

7. DAMAGES ☞221—SPECIAL FINDINGS—INCONSISTENCY.
In an action for personal injuries,· there was no contradiction between special findings in answer to special issues that plaintiff was suffering from neurasthenia, and that she was not suffering from neurasthenia before or at the time the injury was inflicted.
[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 563–566; Dec. Dig. ☞221.]

8. APPEAL AND ERROR ☞742—ASSIGNMENTS OF ERROR—STATEMENT ACCOMPANYING ASSIGNMENT.
The words "see under seventh," following assignments of error, did not comply with the rule as to statements, especially where the state-

ment under assignment No. 7 had no pertinency to the assignments in question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☜742.]

9. APPEAL AND ERROR ☜1052 — HARMLESS ERROR—EVIDENCE.

In an action for personal injuries, whether there was any evidence tending to show the permanency of the injuries was immaterial, where there was no claim that the verdict was excessive.

Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 4171–4177; Dec.Dig. ☜1052.]

10. TRIAL ☜194—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In a railway passenger's action for injuries, it would have been a clear invasion of the province of the jury to charge that it was negligence for a passenger to pass from a car to the platform while the car was moving.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ☜194.]

11. TRIAL ☜187—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action against a railway company, an instruction that the testimony of witnesses in the employment of the railroad company, in the absence of anything to discredit or contradict their evidence, could not be arbitrarily disregarded, was properly refused, as the jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 414–419; Dec. Dig. ☜187.]

12. TRIAL ☜260—INSTRUCTIONS COVERED BY THOSE GIVEN.

Where the question of contributory negligence was fully submitted in the court's charge, there was no necessity to reiterate it by a special charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☜260.]

13. APPEAL AND ERROR ☜727—BRIEFS—ASSIGNMENTS OF ERROR—REQUISITES AND SUFFICIENCY.

In a passenger's action for injuries, an assignment of error asserting that prejudice and excitement concerning the trial of the cause existed among the people of C., that during the argument the courthouse was crowded with citizens of C. and with sympathizers and probably relatives and friends of the jurors, which influence was under the observation of the court and exhibited itself by applause, laughter, and in other respects, and that such influence was not likely to give a railroad a fair trial, was too general to require consideration, especially where there was no showing of anything to arouse any community to such a pitch of excitement, it did not appear whether the laughter and applause were drawn out by plaintiff's attorneys or those for defendant, and, though the court on a motion for new trial found against such charges, the assignment was not supported by a bill of exceptions or by the affidavits of bystanders, but was based only on the motion for a new trial supported by the affidavit of one of defendant's counsel upon information and belief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2998, 3010–3024; Dec. Dig. ☜727.]

14. APPEAL AND ERROR ☜560 — RECORD — FORM.

Where the testimony of jurors in support of a motion for a new trial on the ground that the verdict was taken by lot, together with objections and remarks of counsel, covered 40 typewritten pages, the evidence should have been put in narrative form, agreed to by the attorneys, and approved by the judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2490–2493; Dec. Dig. ☜560.]

15. NEW TRIAL ☜52 — GROUNDS — MISCONDUCT OF JURY—QUOTIENT VERDICT.

Though the conduct of a jury, in dividing by 12 the aggregate of the different amounts which the different jurors thought should be awarded, was not to be commended, it did not require a new trial, where there was no prior agreement that the quotient so obtained should be the verdict, and the verdict was in fact for $2,500 less than the sum so obtained.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 101; Dec. Dig. ☜52.]

16. EXCEPTIONS, BILL OF ☜36—TIME FOR FILING.

A bill of exceptions to the action of the court in refusing a motion for a new trial should not be considered, where it was not filed until nearly two months after the adjournment of the court at which the cause was tried.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 44–46, 48, 51–53, 56; Dec. Dig. ☜36.]

17. EXCEPTIONS, BILL OF ☜10—REQUISITES AND SUFFICIENCY.

A bill of exceptions complaining of the argument of plaintiff's counsel, which recited that defendant contended that the court, having ruled against defendant on the same question, was thereby allowed by force of the ruling to make the same argument, for which reason defendant did not except in open court before the jury, and that defendant contended that such argument was improper and should have been stopped by the court, and prejudiced and influenced the jury improperly, was too indefinite and uncertain to support an assignment of error, especially as it apparently indicated that no exception was taken to the argument.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 11; Dec. Dig. ☜10.]

18. TRIAL ☜121—ARGUMENT OF COUNSEL— SCOPE.

In an action for personal injuries, it was not improper for plaintiff's counsel, in his argument, to tell the jury what amount he thought they should give plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 294–298, 300; Dec. Dig. ☜121.]

On Motion for Rehearing.

19. APPEAL AND ERROR ☜837—MATTERS REVIEWABLE—MATTERS NOT COMPLAINED OF.

An appellate court has no authority to consider the excessiveness of the verdict, if no complaint is made thereof by the party affected.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. ☜837.]

20. TRIAL ☜250 — INSTRUCTIONS — APPLICABILITY TO CASE.

Where a case was submitted on special issues, special charges to find for defendant under certain circumstances therein stated were properly refused, as they called for a general verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. ☜250.]

21. APPEAL AND ERROR ☜766—BRIEFS—EXCUSES FOR DEFECTS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2115, providing that, not less than five days before the time of filing of the transcript in the Court of Civil Appeals, the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief and give notice to the appellee or defendant in error of such filing,

defects in appellant's brief were not excusable on the ground that the cause was set down for submission shortly after it was filed, as the law contemplates that appellants should be ready to submit their cases when they file their transcripts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3101, 3126; Dec. Dig. ☞ 766.]

Appeal from District Court, La Salle County; J. F. Mullally, Judge.

Action by C. B. Jones and wife against the International & Great Northern Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Wilson, Dabney & King, of Houston, and Cobbs, Eskridge & Cobbs, of San Antonio, for appellant. F. B. Earnest and C. C. Thomas, both of Cotulla, and Hicks & Hicks & Teagarden and C. M. Dickson, all of San Antonio, for appellees.

FLY, C. J. This is a suit for damages instituted by C. B. Jones and his wife, Eudella Jones, alleged to have arisen from injuries inflicted upon Mrs. Jones through the negligence of appellant, in causing a violent jar or jerk by which she was thrown to the platform of a car from which she was seeking to alight at Troup, Tex. The cause was tried by jury and resulted in a verdict and judgment for appellees in the sum of $15,000. The evidence justified the jury in finding that appellee Mrs. Jones was permanently injured through the negligence of appellant in unnecessarily jerking the car in which she was riding, thereby throwing her violently to the platform.

[1] The first and second assignments of error are overruled. The application for a continuance was not supported by affidavit, as required by law. Article 1917, Rev. Stats. There was no material change in the amended petition from the original allegations. It has been held that an amendment as to the nature of the injuries does not warrant a continuance, when the original petition was sufficient to apprise the defendant of the probable injuries named in the amended pleadings. Railway v. Partin, 33 Tex. Civ. App. 173, 76 S. W. 236. No sufficient cause was shown for the continuance sought, because the change in the amended petition was completely covered by depositions filed in the case at that time. Railway v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 608. The application did not indicate that there was any probability of procuring or needing any further testimony. No injury or surprise is shown to have resulted from the amendment.

The fifth assignment is not followed by the statement contemplated by the rules; but, if it were there is nothing to indicate that the testimony of which appellant complains could possibly have affected the case, in fact the testimony, as set out in the bill of exceptions, does not appear in the statement of facts.

[2] The sixth assignment of error is not followed by a statement. The bill of exceptions shows, however, that the testimony to which objection was made was withdrawn from the jury. If it had not been withdrawn, it could not, under the other facts of the case, have caused injury to appellant. The fact that Mrs. Jones did not or could not accept invitations to social functions did not intensify or add to her testimony as to her physical and mental condition.

[3-5] Every issue fairly arising from the testimony was submitted by the court to the jury, and it was not error to refuse the special issues prepared by appellant. It was immaterial whether the train was moving or not when appellee arose to leave the car, if an unusual and negligent jerk of the train threw her down and hurt her. The question of contributory negligence was submitted to the jury. Seven issues were requested by appellant, some of them leading in their nature, and the court properly refused all of them. If the issues had been submitted as requested, no judgment could have been predicated on the answers thereto, for they were as to mere details that could not control the disposition of the case. In no possible way could any answers responsive thereto have influenced the issue of negligence. Railway v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308. Only the controlling issues of a case should be submitted to a jury, as was done in this case. There is nothing in the bill of exceptions indicating that the issues were ever submitted to counsel for appellees, and the assignment could not be considered. Floegge v. Meyer, 172 S. W. 194.

[6] The eighth and ninth assignments of error are too general and indefinite to be considered. What was the definition given of proximate cause and that of negligence, of which complaint is made? This is not shown in the assignments of error, and the charges complained of are not copied into the brief. There is neither proposition nor statement. This court is not called upon to seek the record to find out what the charge was, and, if it did, it would not know what objections were urged against it.

[7] The tenth assignment is without merit, and is overruled. There is no conflict whatever in the answers of the jury; in fact, the answers are clearer and more intelligible than in any case submitted to this court under the new law as to special issues. There is no contradiction answering to the sixth issue that Mrs. Jones was suffering from neurasthenia and in answering to the seventh issue that she was not suffering with neurasthenia before or at the time that the injury was inflicted. Although it is stated in the complex and indefinite assignment of error that the answer to the seventh issue was contradictory and in total conflict with undisputed facts, and over 30 pages of tes-

timony are copied into the brief as a statement, no effort is made to point out the evidence that contradicts the answer that Mrs. Jones never had neurasthenia until after she was hurt.

[8] The eleventh and twelfth assignments of error are not followed by statements and are overruled. "See under seventh" does not comply with the rule as to statements. If by "see seventh" it is meant that the court should consult the assignment so numbered, the statement thereunder has no pertinency to the assignments under consideration.

[9] There is evidence tending to show the permanency of injuries to Mrs. Jones, but, if there was not, it was a matter that merely went to the amount of the verdict, and appellant makes no claim that the verdict is excessive. The assignment of error, which attempts to raise the question as to the permanency of the injuries, is not followed by a statement, and, in order to ascertain the status of the testimony on that matter, recourse to the statement of facts is required. The assignment is overruled.

[10-12] The sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, and twenty-third assignments complain of the refusal of special charges requested by appellant. None of the assignments is followed by a statement, but it may be stated that most of the charges were on the weight of the evidence, and those containing the law were already embodied in the charge of the court. It would have been a clear invasion of the province of the jury to have instructed the jury that it was negligence for a passenger to pass from the car to its platform while it was moving, but this is what appellant sought to have the court to instruct the jury. It would have been inexcusable for the court to have instructed the jury, as requested by appellant, as to their duty in their treatment of witnesses for the railroad company. Juries are the exclusive judges of the credibility of witnesses and the weight to be given their testimony, and it was not proper for the court to instruct the jury "that the evidence of all persons and witnesses who swore in this case, in the employment of the railroad company, in the absence of anything to discredit or contradict such evidence, cannot be arbitrarily disregarded." The question of contributory negligence was fully submitted in the charge of the court, and there was no necessity to reiterate it.

The issue as to the amount of damages that would be allowed by the jury was correct. It followed any number of precedents on the subject. The fourteenth and fifteenth assignments of error are overruled.

[13] The twenty-fourth assignment of error seeks to attack the verdict on the ground that there were prejudice and excitement among the people of Cotulla concerning the trial of this cause, and that during the speeches the courthouse "was crowded with people and citizens of Cotulla, and all the ladies, friends, neighbors, sympathizers, probably in some instances relatives and friends of the jurors who tried said cause, which influence was under the observation of the court and exhibited itself in many different ways, such as by applause, laughter, and in other respects not requiring the court to absolutely take notice of the same in a more peremptory manner, yet was under its observations, and such present and potent influence is not likely to give a railroad fair and just hearing and trial." The record fails to show anything in the facts of this case to arouse any community to such a pitch of excitement, and we must conclude that the speeches must have been the attraction, as is often the case in rural communities; and the assignment fails to show whether the laughter and applause that punctuated the speeches of counsel were drawn out by the attorneys for appellant or appellees. The assignment of error is not supported by a bill of exceptions or by the affidavits of bystanders; the only basis for it being the motion for new trial, which is supported by the affidavit of one of the counsel for appellant "upon information and belief." The charges contained in the assignment of error are too general, vague, and indefinite to merit consideration. The court, in overruling the motion for new trial, found against the charges, which were denied under oath by appellees' counsel. The remarks under the assignment have no reference or pertinency thereto.

[14-16] The verdict was attacked on the ground that the verdict of the jury was taken by lot. There is appended to the motion for new trial a number of questions to and answers by some of the jurors as to how they arrived at their verdict, as well as objections and suggestions of counsel. The evidence should have been put in narrative form, agreed to by the attorneys, and approved by the judge, and no court should be called upon to consider evidence that must be gleaned by going through such a mass of matter. Nearly 40 pages of typewritten matter are covered with this mass of testimony, questions, objections, and remarks. Our inspection of the evidence, however, leads us to the conclusion that the trial judge was justified in finding that the verdict was not arrived at by "a prior agreement made by said jury that each juror should write down the amount he would award, and that the total of such amounts should be divided by 12, and the quotient should be the verdict." The conduct of the jury in arriving at a verdict is not to be commended, but there was no agreement shown to the effect that the sum arrived at by dividing the aggregate of the different amounts by 12 should be the verdict of the jury, and the proof fully showed that the sum so obtained was not made the verdict, but a sum $2,500 less was the verdict of the jury. No juror, so far as we can ascertain

from the jumble of questions and answers, testified that the jury would be bound by the sum of all the amounts put down by the individual jurors and divided by 12. The bill of exceptions to the action of the court in refusing the motion for new trial was not filed until nearly two months after the adjournment of the court at which the cause was tried and should not be considered.

[17, 18] The bill of exceptions upon which the twenty-eighth assignment of error is based is too indefinite and uncertain to support any assignment of error. The bill as to the argument of one attorney does not show that any objection was made to the argument of appellee's counsel, but seems to indicate that no exception was taken to the argument. It is recited in the bill of exceptions:

"Defendant contends that the court, having ruled against defendant on the same question, was thereby allowed, by force of said ruling, to make the same argument, and for which reason defendant did not except in open court before the jury; that defendant contends said argument was improper and should have been stopped by the court, and prejudicial, as defendants contend, and influences the jury improperly."

The argument of the other attorney for appellees, in which he informed the jury what amount he thought they should give his client, was not objectionable. He had the right to ask for every dollar he sued for, and, as he stated to the jury, "of course it was a matter for the jury to determine from the evidence." Railway v. White, 80 Tex. 202, 15 S. W. 808.

The twenty-ninth assignment of error is overruled. The evidence showed an unusual and unnecessary jerk of the train when Mrs. Jones was hurt.

The judgment is affirmed.

### On Motion for Rehearing.

[19] Appellant seems to think that it is the duty of appellate courts to decide as to whether a verdict is excessive, even though no complaint is made of excess by the party affected. The ruling of the courts is to the contrary. Railway v. Hadnot, 67 Tex. 503, 4 S. W. 138; W. U. Tel. Co. v. Perry, 30 Tex. Civ. App. 243, 70 S. W. 439. If an appellant is not dissatisfied with the amount of a verdict, a court has no authority to raise the question.

[20] The charges requested by appellant, which called for a general verdict, were properly rejected. In this list were the first, second, third, fourth, fifth, sixth, seventh, and eighth special charges, which were instructions to find for appellant under certain circumstances therein stated. The case having been submitted on special issues, the eight charges were properly rejected. Cole v. Crawford, 69 Tex. 124, 5 S. W. 646; Southern Oil Co. v. Wallace, 23 Tex. Civ. App. 12, 54 S. W. 638; Moore v. Pierson, 93 S. W. 1007; Pac. Express Co. v. Rudman, 145 S. W. 268; Hengy v. Hengy, 151 S. W. 1133. The eight charges requiring a general verdict are those whose rejection is complained of in the sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, and twenty-third assignments of error. The court did not err in rejecting the charges.

The twenty-fifth assignment of error was fully considered by the court in spite of the fact that it was not supported by a proper statement of facts. A number of the assignments of error were considered by this court, although they failed to conform to rules that have been adopted in order to save labor and expedite the work of the courts.

[21] The defects in the brief are sought to be excused on the ground that the cause was set down for submission so short a time after it was filed in this court. If the law had been complied with, the brief would have been prepared and a copy of it filed with the clerk of the district court not less than five days before the transcript was filed in this court. Vernon's Sayles' Stats. art. 2115. The law contemplates that appellants should be ready to submit their cases when they file their transcripts.

The motion for rehearing is overruled.