## GALVESTON, H. & S. A. RY. CO. v. WURZBACH. (No. 5740.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1916.)

1. RAILROADS ☞108 — CONSTRUCTION AND MAINTENANCE—STATUTE.

Rev. St. 1911, art. 6495, requiring railroads to be constructed with the necessary culverts and sluices as the natural lay of the land requires for the necessary drainage thereof, imposes an absolute duty upon railroad companies, and the exercise of ordinary care would be no defense to a suit to enforce compliance with the act by a railroad company governed thereby.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 333–336; Dec. Dig. ☞108.]

2. STATUTES ☞263 — CONSTRUCTION—RETROACTIVE EFFECT.

Retroactive laws being regarded with disfavor, even when not absolutely forbidden, statutes should not be given a construction that will affect existing rights, create new obligations, and impose new duties as to past transactions, unless it is plain that the Legislature so intended.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 344, 349; Dec. Dig. ☞263.]

3. RAILROADS ☞108 — CONSTRUCTION AND MAINTENANCE—STATUTE—RETROACTIVE EFFECT—INTENTION OF LEGISLATURE.

Rev. St. 1911, art. 6495, providing that in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof, is a proviso of Act Aug. 15, 1876 (Acts 15th

---

Leg. c. 97) § 23, subd. 5, entitled "An act to provide for the incorporation of associations that may be organized for the purpose of constructing railways, maintaining and operating the same, for prescribing and defining the duties and limiting the powers of such corporations when so organized." Section 23 of said act also provides and the provisions and privileges of the ten subdivisions of this section shall extend to and apply as well to railroad companies heretofore chartered by special acts of the Legislature as to those chartered under this act. *Held*, that said provision was not intended to be retroactive, and did not impose a liability upon a railroad which had constructed its roadbed before the passage of the act.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 333–336; Dec. Dig. ☞108.]

4. RAILROADS ☞108 — CONSTRUCTION AND MAINTENANCE—STATUTE—RETROACTIVE OPERATION—CONSTITUTIONAL PROVISION.

Const. art. 1, § 16, prohibiting the making of any retroactive law, protects every right, even though not strictly a right to property, which may accrue under existing laws prior to the passage of any act which if permitted a retroactive effect would take away the right, so that defendant railroad, who had constructed its roadbed at the time of the passage of Rev. St. 1911, art. 6495 (making the duty to construct certain sluices for necessary drainage absolute), was entitled to demand proof of its negligence in the exercise of ordinary care in the construction of its roadbed before it could be held for damages.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 333–336; Dec. Dig. ☞108.]

5. PLEADING ☞382(1) — GENERAL DENIAL — PROOF.

Where plaintiff alleged that defendant railroad was governed by Rev. St. 1911, art. 6495, passed in 1876, the duty devolved upon him to show that fact, so that defendant under general denial could prove that it had built its roadbed prior to 1876, and had acquired rights which the statute could not and did not weaken or destroy.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1280–1291, 1293; Dec. Dig. ☞382(1).]

Error from District Court, Guadalupe County; M. Kennon, Judge.

Suit by H. M. Wurzbach against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and Dibrell & Mosheim, of Seguin, for plaintiff in error. H. M. Wurzbach, of Seguin, for defendant in error.

FLY, C. J. This is a suit for damages to land, instituted by defendant in error, herein styled plaintiff, under the provisions of article 6495, Revised Statutes of Texas, which requires railroads to be constructed with the necessary culverts and sluices as the natural lay of the land requires for the necessary drainage thereof, which provisions plaintiff alleged had been disregarded by plaintiff in error, herein styled defendant, and plaintiff's land greatly damaged thereby. The cause was submitted on special issues, and upon the answers of the jury thereto, judgment was rendered in favor of plaintiff for $250.

[1] Article 6495 was enacted in 1876, and the jury found that the road was constructed 41 years ago—that is, in 1875. It has been held, and is the settled law of Texas, that the statute makes it the absolute duty of railroad companies to construct and maintain the necessary culverts and sluices to drain the land according to the natural lay thereof. The exercise of ordinary care would be no defense to such a suit. Clark v. Dyer, 81 Tex. 343, 16 S. W. 1061; Railway v. Glover, 84 S. W. 604; Railway v. Hadnot, 67 Tex. 503, 4 S. W. 138.

The court instructed the jury as follows:

"You are further charged that in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices, as the natural lay of the land requires, for the necessary drainage thereof, and that failure to so construct a roadbed shall constitute negligence on the part of any railroad company."

The court refused a special issue requested by defendant as follows:

"Do you find that defendant's roadbed, at the place complained of, was improperly or negligently constructed on account of a lack of necessary culverts or sluices, and that the natural flow of surface water was diverted on account of such improper or negligent construction?"

The case was tried under the theory that article 6495, which was enacted in 1876, would govern as to railroads constructed before the law was enacted.

[2, 3] Retroactive laws are looked on with disfavor, even when not absolutely forbidden by the state Constitution, and statutes should not be given a construction that will affect existing rights, create new obligations, and impose new duties as to past transactions, unless it is plain that the Legislature so intended. Sutherland, Stat. Cons. c. 18. Article 6495 of the Revised Statutes is a proviso in the fifth subdivision of section 23 of an act passed on August 15, 1876, entitled:

"An act to provide for the incorporation of associations that may be organized for the purpose of constructing railways, maintaining and operating the same, for prescribing and defining the duties and limiting the powers of such corporations when so organized." Acts 15th Leg. c. 97.

It is clear that nothing retroactive was intended, but that the act was passed in regard to associations that might be organized in the future. That seems apparent from the caption, and then in section 23, after providing for examinations and surveys, the taking and holding of grants of land, the purchase of rights of way and land for stations, the width of the roads and clearing of rights of way, for construction along streams, streets, roads, canals, etc., it is provided:

"That in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof."

The whole object of the law was to make provisions as to the construction of railroads

───────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

after its enactment. If the Legislature had intended that the law should apply to railroads already constructed, we must presume that it would have provided that existing companies should rebuild their roadbeds so as to conform to the provisions of the statute. This court will not read into the law language inconsistent with the terms of the whole act, especially when it would render the law obnoxious to article 1, § 16, of the state Constitution, which prohibits the making of any retroactive law.

[4] The Constitution, through the article and section cited, protects every right, even though not strictly a right to property, which may accrue under existing laws prior to the passage of any act which, if permitted a retroactive effect, would take away the right. Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249; David v. Timon, 183 S. W. 88. At the time of the passage of the act defendant had constructed its roadbed, and its liability for any faulty or negligent construction thereof was fixed by the common law under which it acted. Its right to demand proof of its negligence in the construction of its roadbed before it could be held for damages was fixed and secure. The Legislature could not take away that right, and did not evince any intent or desire to interfere with it in any manner.

That the right that had accrued to defendant when it constructed its road was not in any manner impaired by the passage of the statute, and that it is a substantial right, we think, is sustained by the authorities coming under our consideration. In the case of Wild v. Railway, 171 Mass. 245, 50 N. E. 533, it was held that a statute relative to fires set by locomotives did not apply to fires occurring before the act took effect. In the case of Railway v. Hedges, 63 Ohio St. 339, 58 N. E. 804, the court held that a law which provided that, if an employé of any corporation received any injury by reason of any defect in any car or locomotive, it should be prima facie evidence of the negligence of the corporation, did not apply to any injury received prior to the enactment of the law, in the absence of an express provision to that effect. There are many cases to the same effect, some of which are collated in notes to section 646, Sutherland, Stat. Cons.

In the latter part of section 23 of the act of 1876 (Gammel's Laws of Texas, pp. 147 and 148) it is provided:

"And the provisions and privileges of the ten subdivisions of this section shall extend to and apply as well to railway companies heretofore chartered by special acts of the Legislature as to those chartered under this act."

It is contended that the clause quoted brings defendant within the purview of the statute, but, keeping in view the rule that the construction should be placed upon a statute that would not render it retroactive and void we are of opinion that the clause in question does not refer to railroads already constructed, but to those specially chartered which had not constructed their roads. We are sustained in this construction by the fact that most of the ten subdivisions referred to apply to the construction and operation of new roads, and not to those already established.

[5] There is no merit in the contention that the duty devolved on defendant to allege that it had built its road prior to the enactment of the law. Plaintiff alleged that defendant was governed by the law of 1876, and the duty devolved on him to show that fact. Defendant, under a general denial, could prove that it had built its roadbed prior to the enactment of the law of 1876, and had acquired rights which that law could not and did not weaken or destroy.

It follows that the court erred in giving the charge herein copied and in refusing to present the issue, as requested by defendant, as to the negligence of defendant in the construction of its roadbed.

The judgment is reversed, and the cause remanded.