MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY OF TEXAS ET AL. V. J. D. AVIS, JR.

Decided December 2, 1905.

**1.—Continuance—Surprise—Withdrawal of Allegation.**

The court properly overruled an application by defendant for continuance on the ground of surprise caused by certain pleading filed by the plaintiff on the day of trial, when the plaintiff admitted the truth of one of the facts which it was claimed absent testimony was necessary to establish, and withdrew the allegation which it was alleged caused surprise, said allegation being that the rule of the defendant forbidding passengers from riding on the engine was habitually violated and thereby abrogated.

**2.—Same—Pleading—Testimony—Riding on Engine.**

Plaintiff was injured while riding on one of defendant's engines; he was traveling on a stock drover's pass; defendant pleaded the stipulations of the pass to the effect that plaintiff would remain in the caboose while the train was in motion, and that a failure to do so would be prima facie evidence of negligence in case of injury; plaintiff pleaded in reply that the defendant through its conductor, who was authorized to do so, had waived this provision of the pass. Under this state of the pleading testimony was properly admitted to the effect that it was habitual and customary for shippers of stock to ride upon defendant's engines while so engaged, and this evidence was admissible, notwithstanding the withdrawal of the allegation as to the abrogation of said provision.

**3.—Argument of Counsel—Appeal for Large Verdict.**

It is not reversible error for counsel in argument to appeal to the jury for a large verdict when the verdict actually rendered is less than that suggested, and no complaint is made that it is excessive.

**4.—Charges—Not Inconsistent.**

The court did not err in charging the jury that the contract by which plaintiff agreed to ride in the caboose was a valid contract, but that if he was acting as a reasonably prudent person in riding on the engine at the time he was injured he would be entitled to recover. By the terms of the contract riding on the engine only made a prima facie case of negligence.

Appeal from the District Court of Wichita County. Tried below before Hon. A. H. Carrigan.

*Garnett & Eldredge,* for appellant.

*R. E.* and *C. C. Huff, L. H. Mathis* and *Montgomery & Hughes,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee, while traveling on the engine of one of appellant's freight trains, on a stock drover's pass, was injured on account of a collision occurring through the negligence of

appellant in not observing passing orders. Being a minor, he instituted this suit through his father as next friend, and recovered judgment in the sum of $2,500, from which judgment this appeal has been perfected. Since most of the assignments of error relate either to the court's charge or to charges refused, it will be necessary, in order to an intelligible discussion of them, to set out the court's charge in full. It is as follows:

"1. You are charged that you will find a verdict for the plaintiff, if you believe from the evidence that the plaintiff was not guilty of contributory negligence, and you further believe from the evidence that the injuries received by the plaintiff were not due to a risk assumed by him under the instructions hereinafter given you.

"2. You are charged that if you believe from the evidence that the engine of the train was a more dangerous place to ride than the caboose thereof and that the plaintiff, J. D. Avis, Jr., at the time he went upon the engine prior to the wreck, or while he was upon said engine, prior to said wreck knew that he was violating a rule of the railway company, or that the said engine was a more dangerous and hazardous place to ride than the caboose, or by the use of such care on his part as was reasonably to be expected of a boy of his age and mental development would have known said facts or either of them and that he voluntarily went on said engine or remained there, then he would be guilty of negligence, and you will find for the defendants.

"3. The contract offered in evidence is a valid contract and by it J. D. Avis, Jr., agreed to ride in the caboose while the train was in motion and said contract further provides that a failure to do so should be prima facie evidence of negligence. Now, unless you believe from the evidence that under all the circumstances of this or a similar case an ordinarily prudent person of his age and mental development would have gone on the said engine or remained thereon under all the circumstances of this or similar case, then you will find a verdict for the defendant.

"4. If the jury believe from the evidence that when plaintiff J. D. Avis, Jr., went on said engine, or while riding thereon prior to the wreck that he knew said engine was a more dangerous and hazardous place than the caboose of said train and voluntarily went on and remained on said engine until the wreck occurred knowing such facts, then you are charged that he assumed the risk of so riding on said engine and if you so believe you will find for the defendants.

"5. If, under the foregoing instructions, the jury find for the plaintiff, they will find for him such reasonable sum as you may believe from the evidence will reasonably compensate him for the mental and physical pain and anguish suffered by him by reason of said injury, if any."

Appellant sought to continue the case upon the ground of surprise at certain allegations made for the first time by appellee in his supplemental petition filed on the day of trial and after both parties had announced ready for trial. Appellee met this application by an outright admission of the truth of one of the facts sought to be established by the absent testimony, and by a withdrawal of the allegation complained of by appellant as causing surprise, the particular allegation being that

the rule forbidding passengers to ride upon the engine, pleaded by appellant, "was not enforced, but was openly and continuously and notoriously violated by employes of defendant, which was done with the knowledge and consent of governing officials of said defendant, by reason of which fact said rule, if one there was, had become wholly abrogated." Upon this being done, the court properly overruled the application for a continuance to procure testimony to show that such rule had not been abrogated.

It is next complained that the court erred in admitting in evidence the testimony of W. A. Carrigan to the effect that it was habitual and customary for shippers of stock to ride upon appellant's engines while so engaged, and that he himself. had frequently done so. It is pointed out that since the court overruled appellant's application for a continuance because of the withdrawal by appellee of his allegation that the rule in question was habitually violated and thereby abrogated, it was then error to admit evidence of this very fact; that the testimony was irrelevant and immaterial to any issue in the case. But we hold the testimony to be admissible. The live stock contract upon which appellee was riding contained among others the stipulation that appellee would "remain in the caboose attached to the train drawing said cars while the train is in motion," and that his "failure to observe said regulations shall be prima facie evidence of negligence on his part in case of injuries resulting therefrom." Appellant had pleaded this contract stipulation and appellee had as expressly pleaded that through its conductor it had waived this provision of the contract and that said conductor had authority to make such waiver. This allegation of appellee was entirely independent of the allegation of abrogation of the rule forbidding passengers to ride on the engine, which had been stricken out by him to defeat appellant's application for a continuance, and was in no wise made the basis for the application to continue. It has been held, and we see no reason to doubt the correctness of the holding or to depart from it, that such testimony is admissible as tending to show that the conductor had authority to waive such a stipulation in the shipper's contract. The precise point was decided in Missouri, K. & T. Ry. Co. v. Cook, 27 S. W. Rep., 769 (S. C.), 33 S. W. Rep., 669, in the following words: "In order to show that the conductor had such power, plaintiff offered testimony of several witnesses to the effect that it was a custom of conductors of this company to allow shippers of race animals and fine stock to ride in the car with them. The testimony was admitted by the court over the objections of the defendant. The testimony was not let in to allow a custom to supersede and annul the contract, but to show that the conductor had authority to do as he did,—to waive the stipulation in the contract requiring plaintiff to ride in the caboose. For this purpose the testimony was clearly admissible. The principle has been frequently recognized by the Supreme Court of this State." The authorities cited in that opinion, some of which are from the Supreme Court, amply support the holding. The mere fact that this testimony would have been admissible under and relevant to the stricken-out pleading can not change the rule, since appellant must be held to have known that it was also admissible upon the issue of waiver above discussed. Besides all this, it will be seen that the effect

of the charge was to give appellant the full benefit of the stipulation in the contract, making a failure to ride in the caboose prima facie evidence of negligence, and assumed the existence of the rule pleaded by requiring the jury to find, before returning a verdict for appellee, that he did not know he was violating a rule of the railway company. In other words, the court assumed that both the rule and the contract stipulation were valid and in force. So that no possible harm could have come to appellant in the admission of the testimony.

Special charge No. 5 was properly refused because, although the engine "was obviously not a place provided for him as a passenger to ride," and "a caboose was provided as a place in which he should ride, and he would not have been injured if he had remained in the caboose," yet the court could not summarily direct the jury that such facts would constitute contributory negligence, for a reasonably prudent person under all the circumstances may have ridden on the engine, as did appellee. The same remarks apply to special charge No. 1, refused by the court. Special charge No. 2, requested by appellant, was on the weight of the evidence and for that reason was properly refused, in that it assumed what was controverted in the evidence "that neither the conductor or engineer on said train had any authority to waive that provision of the contract by which the said J. D. Avis, Jr., agreed to remain in the caboose while said train was in motion."

Nor do we think there was error in permitting counsel for the appellee to appeal to the experience of the jurors to verify his claim that appellee never read the contract. As before stated, the court charged that appellee was bound by the terms of the contract, and whether he read it or not could make no difference. Besides, this argument was made in appellee's opening, and appellant had full opportunity to reply to the same. Nor is there any merit in the contention that appellee's counsel committed reversible error in his closing argument by appealing to the jury to return a verdict in favor of his client for not less than $4,000. It is insisted that "this argument was calculated to influence the jury to disregard the evidence and be governed to a large extent by the wishes of their friend Barwise." But obviously they were not so influenced, since the verdict they returned was for a smaller amount, —$2,500—and no complaint whatever is made on this appeal of its excessiveness.

The proposition is advanced that the court announced an incorrect principle of law when he instructed the jury that the contract by which appellee agreed to ride in the caboose was a valid contract, and at the same time further instructed them that if he was acting as a reasonably prudent person in riding upon the engine at the time he received his injuries, they would return a verdict in his favor. But there is nothing at all inconsistent in the charge. Under the express terms of the contract, the penalty agreed upon for a breach of its provisions was that appellee, in case of resulting injuries, should be held to be prima facie guilty of negligence. The effect of the charge given was to impose this penalty on appellee, notwithstanding the evidence in the record that appellant's conductor expressly waived the terms of the contract by inviting appellee to ride in his engine, and notwithstanding the evidence tending to show his authority to make such waiver.

The second paragraph of the charge does not necessarily mean that the caboose was a dangerous place to ride, and if it is capable of such construction the case should not be reversed for it, because appellant appears to have invited the court to submit to the jury whether or. not the engine was a more dangerous place to ride than the caboose.

There is no contention that appellant was not guilty of negligence in the matter of the collision resulting in appellee's injuries. The verdict imports a finding that appellee himself was not guilty of contributory negligence, and did not assume the risk of his injuries by riding upon the engine rather than in the caboose, and we think the evidence is sufficient to support such finding.

Justice Stephens assents to the disposition of the court's ruling in admitting the witness Carrigan's testimony upon the second ground discussed.

All assignments of error are overruled and the judgment is affirmed.

*Affirmed.*

Writ of error granted.
Judgment affirmed.