Missouri, Kansas & Texas Railway Company of Texas v. J. D. Avis, Jr., by Next Friend.

No. 1550. Decided May 16, 1906.

**1.—Railway—Rules—Nonenforcement—Pleading—Evidence.**

In suit by a passenger injured while riding on engine, defendant's plea that it had "promulgated" a rule forbidding riding there, construed in the absence of special exception as equivalent to a plea that such rule was in force, was to be taken as denied by force of the statute (Rev. Stats., art. 1193); the question of such rule being in force was in issue; and plaintiff, without further

pleading, could introduce evidence to show that the rule was not observed or attempted to be enforced.   (Pp. 35, 36.)

### 2.—Drover's Pass—Contract—Riding on Engine.

A drover's pass stipulated that the passenger thereon should remain in the caboose while the train was in motion, and that his failure to do so should be prima facie evidence of his negligence in case of injury.   The only effect of such contract was to shift the burden of proof of contributory negligence, where the passenger was injured in a collision while riding on the engine.   (P. 36.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

Avis sued the railway company and had judgment.   Defendant appealed and on affirmance obtained writ of error.

*Garnett & Eldridge,* for plaintiff in error.—The court, after overruling appellant's application for a continuance filed January 12, 1905, erred in admitting in evidence the testimony of W. A. Carrigan as to his experience in shipping cattle to St. Louis and other points, and to the effect that it was habitual and customary for shippers of stock to ride on top of the cars and upon the defendants' engine while so engaged, and that he had frequently done so.   Sayles Stats., art. 1188, 1189; Cummings v. Rice, 9 Texas, 529; Turner v. Lambeth, 2 Texas, 371; Central & Mont. Railway v. Henning, 52 Texas, 474; Grimes v. Watkins, 59 Texas, 137; Gulf, C. & S. F. Ry. v. Butler, 34 S. W. Rep., 756; Texas & N. O. Ry. v. Goldberg, 68 Texas, 685.

The court erred in the third paragraph of its charge to the jury in charging them that the contract signed by J. D. Avis, Jr., touching his agreement therein to ride in the caboose was a valid one, and then authorizing the jury to disregard and treat said contract as a nullity in the event they found from the evidence that an ordinarily prudent person of plaintiff's age and mental development would have gone on the engine and remained thereon under all the circumstances of this or a similar case.   Wilcox v. San Antonio & A. P. Ry. Co., 33 S. W. Rep., 379; Houston & T. C. Ry. Co. v. Clemons, 55 Texas, 88; Texas & P. Ry. Co. v. Boyd, 24 S. W. Rep., 1086; St. Louis & S. W. Ry. v. Rice, 29 S. W. Rep., 525; 3d Thompson on Negligence, sec. 2943.   J. D. Avis, Jr., was of sufficient age and discretion to know of the danger of riding upon defendants' engine, see following authorities:   St. Louis & S. W. Ry. v. Shiflet, 58 S. W. Rep., 945; Cockrell v. Texas & N. O. Ry., 82 S. W. Rep., 529; Chicago, R. I. & T. Ry. v. Martin, 79 S. W. Rep., 1101. To the effect that if plaintiff was guilty of negligence contributing to his injury, and defendant was guilty of gross negligence, he would still not be entitled to recover, see:   Missouri, K. & T. v. Rodgers, 36 S. W. Rep., 244.

*R. E. & C. C. Huff, L. H. Mathis* and *Montgomery & Hughes,* for defendant in error.—The testimony of the witness, Will Carrigan, was admissible for the purpose of showing that the provisions in the contract forbidding persons to ride on the engine were waived, and that the conductor and engineer had authority to waive same.   Missouri, K. & T.

Ry. v. Cook, 27 S. W. Rep., 769; Rose's Notes, vol. 5, p. 1100; Missouri, K. & T. Ry. Co. v. Cook, 33 S. W. Rep., 669.

The provisions of the contract referred to by appellants only made the fact that appellee was in the caboose at the time of his injury prima facie evidence of negligence; and the court properly submitted the issue, imposing on the plaintiff the burden of overcoming this prima facie evidence of negligence.

GAINES, Chief Justice.—This suit was brought by J. D. Avis, as next friend in behalf of his minor son, J. D. Avis, Jr., to recover of the defendant corporations damages for injuries inflicted upon him while a passenger on a livestock train of the defendant, the Missouri, Kansas & Texas Railway Company, traveling upon a drover's pass.

The following is the case made by the pleadings and the evidence. J. D. Avis, the father, shipped certain cattle from Wichita Falls, Texas, to St. Louis, Missouri, over the lines of the defendant companies. As a part of the contract of shipment it was agreed that the son, J. D. Avis, Jr., should accompany the cattle on a drover's pass, but in the agreement it was also stipulated that: "7. The shipper, party or parties in charge of said cars will only be carried on the train drawing said cars, and in accordance with the rules on the back hereof, and his or their failure to observe said regulations shall be prima facie evidence of negligence on their part in case of injuries resulting therefrom." This was signed by the plaintiff. One of the rules referred to in the stipulation is as follows: "The party or parties in charge of this stock shall and they hereby agree to observe the following regulations and identify themselves whenever required to do so by any conductor. 1. Remain in the caboose attached to the train drawing said cars while the train is in motion." While the plaintiff was riding upon the engine of the train of the Missouri, Kansas & Texas Company there was a collision with another train going in the opposite direction, which resulted in a fracture of his leg and other injuries. The plaintiff was sixteen years of age at the time of the accident.

When we granted the application for the writ of error, we were of the opinion that the Court of Civil Appeals had correctly disposed of the assignments of error save in one particular and we are still of that opinion. Therefore we deem it unnecessary to discuss the assignments in detail and shall confine our remarks to two points—one as to the introduction of evidence tending to show an abrogation of the rule prohibiting passengers attending shipments of livestock from riding upon any part of the train except the caboose, and the other as to the effect of the stipulations in the contract with reference to the same matter.

1. The defendants having pleaded a rule "promulgated" by them prohibiting passengers upon their stock trains from riding elsewhere than in the caboose, upon the eve of the trial, the plaintiff filed a supplemental petition, alleging that the rule had been abrogated by a failure to enforce it; whereupon the defendant moved to continue the cause in order to procure testimony to disprove the allegation. Thereupon the plaintiff withdrew the allegation and the motion was overruled. During the course of the trial, the plaintiff offered testimony tending to show, that

the rule was not enforced, which was objected to by the defendants for want of pleading and upon other grounds. The objection was overruled and the testimony was admitted. After some difficulty we have concluded that the court did not err in this particular. The correctness of the ruling depends upon the state of the pleadings after the withdrawal of the supplemental petition. The sixth paragraph of defendants' amended original answer contained these allegations: "... That at the time of the alleged injuries to said J. D. Avis, Jr., defendant had promulgated a rule prohibiting passengers from riding upon the engines of defendants. Defendants further say that plaintiff, J. D. Avis, Jr., disregarded each and all of said warnings and rules which were known to him or could have been known to him by the use of ordinary care and that he negligently and against the consent of defendants went upon the top of the cars and in and upon the engine of defendants and was thereby injured, if injured, and but for such negligence of said plaintiff, J. D. Avis, Jr., said accident to him and said alleged injuries would not have occurred." To say that the defendant companies "promulgated a rule" does not expressly allege that they had a rule in force; but under the rule of this court for governing the practice in the trial courts, which requires that in the absence of a special exception every reasonable intendment should be given to an allegation, we think that the language should be construed as meaning that the rule was promulgated and was enforced. Article 1193 of our Revised Statutes prescribes that: "It shall not be necessary for the plaintiff to deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted." Therefore if the allegation of the answer as to the promulgation of the rule is to be given any effect, it was an issue in the case, under the pleadings, whether such rule was at the time of the accident an existing rule of the company. The testimony admitted tended strongly to show that no such rule was observed or attempted to be enforced. We conclude that it was not error to admit the testimony.

2. When we granted the application for the writ of error we were inclined to think that the stipulation in the contract of shipment to the effect that the passenger who accompanied the cattle on the trip should ride in the caboose while the train was in motion, precluded a recovery by the plaintiff. But in this we now think we were in error. The stipulation not only binds the plaintiff to observe the rules referred to, but goes further and provides the consequence of a failure to do so— that is, that the failure should be prima facie evidence of negligence on his part. Since the stipulation mentions no other consequence for its breach, we think it clear that none other should be held to follow from it. Its only effect was to shift the burden of proof upon the question of contributory negligence in case an injury resulted to the plaintiff while riding elsewhere than in the caboose. This effect was given to the stipulation by the charge of the court, by which the jury were distinctly instructed, in substance, that in order to justify a recovery by plaintiff the testimony must show that he was not himself negligent in riding upon the engine.

We find no error in the judgment and it is accordingly affirmed.