## NORTHERN TEXAS TRACTION CO. v. SMITH. (No. 9340.)

(Court of Civil Appeals of Texas. Ft. Worth. May 8, 1920. Rehearing Denied June 12, 1920.)

**1. Street railroads ⬸111(2) — Evidence of failure to sound gong admissible, though not alleged, where answer alleged sounding of gong.**

In an action for injuries in collision between defendant's street car and an automobile, evidence of failure to sound gong was admissible, though such failure was not alleged, where answer alleged that the motorman sounded the gong.

**2. Pleading ⬸165 — Material averments of defense deemed denied.**

The law supplies the merely formal denial of all material averments of defense pleaded in the defendant's answer in avoidance of a cause of action set out in a petition, and imputes to the plaintiff a denial of the purely defensive matters pleaded by defendant.

**3. Evidence ⬸147—That witness would have heard gong of street car if it had been sounded admissible.**

In action for injuries in collision of automobile with defendant's street car at street intersection, involving issue whether motorman sounded gong, admission of testimony that witness would have heard gong if it had been sounded *held* not error.

**4. Damages ⬸157(2)—Evidence of nonpayment and demand for settlement held admissible.**

In a personal injury action against a street railroad, where plaintiff alleged that defendant had refused to pay, plaintiff's testimony that he had not been paid anything, and had made a demand for settlement, was proper to support the allegation of nonpayment.

**5. Evidence ⬸213(1)—Testimony as to compromise held properly excluded.**

In personal injury action, testimony with reference to a compromise *held* properly excluded.

**6. Trial ⬸60(1) — Introduction of doctor's bill without proof that charges were reasonable, and had not been paid held error.**

In a personal injury action, the introduction of doctor's bills and the ambulance bill without proof that such bills were reasonable charges for the services alleged to have been rendered, and that plaintiff owed them, and that such charges in fact had been made by the doctor and ambulance company, *held* error.

**7. Street railroads ⬸113(5)—Evidence as to damages to automobile held admissible to show speed of street car.**

In an action for injuries in collision between an automobile and defendant's street car, testimony as to the damage done the automobile and as to the distance which the automobile was dragged before the street car stopped *held* admissible on the issue of whether street car was running at an unlawful speed.

**8. Street railroads ⬸113(5)—Testimony held admissible to show speed.**

In an action for injuries in collision between an automobile and a street car, testimony as to the condition and location of the automobile the morning after, and as to marks and tracks on the street tending to show that the automobile had been dragged some distance, *held* admissible on issue of whether the street car was running at an unlawful speed, though the witness was not present at the accident; that fact affecting merely the weight of his testimony and not its admissibility.

**9. Witnesses ⬸329—Cross-examining counsel not required to disclose purpose in asking questions.**

Counsel was not required to disclose to witness whom he was cross-examining, or to the adverse counsel in the presence of such witness, his purpose in asking the witness certain questions, asked for the alleged purpose of testing the truth of witness' testimony.

**10. Appeal and error ⬸1060(4)—Counsel's remarks, increasing damages, harmless, in absence of assignment as to excessiveness.**

Where only effect of remarks of counsel would have been to increase the damages, the remarks are not grounds for reversal, in absence of assignment directed to the excessiveness of the verdict.

**11. Street railroads ⬸113(5)—Testimony as to distance for stopping car held admissible on issue of speed.**

In an action for injuries in collision between an automobile and defendant's street car, the motorman's testimony as to how quickly and within what space he could stop the car *held* proper, as bearing on the issue of the speed at which car was running at time of accident; plaintiff testifying that automobile was dragged some distance before car was stopped.

**12. Evidence ⬸67(1) — Ordinance, admitted to have existed before trial, will be presumed in existence at time of trial.**

Where defendant admitted that ordinance had been certified by city secretary in January, 1915, the admission of ordinance in evidence in action more than 2½ years thereafter, without requiring proof that the ordinance was in effect at the time of the trial, *held* proper; the continued existence of ordinance being presumed.

**13. Evidence ⬸67(1) — Presumption of continued existence stated.**

When the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the personal relation or state of things continues to exist as before until the contrary is shown, or until a different presumption is raised from the nature of the subject in question.

**14. Municipal corporations ⬸703(4) — City may fix a maximum speed not in excess of that prohibited by state laws.**

It is within the province of the legislative officials of city to fix a maximum speed on the city streets, provided such speed is not in excess of that provided by the laws of the state.

---

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**15. Trial ☞256(10)—Instruction as to burden of proof of contributory negligence held not error, in absence of request.**

In an action for injuries, an instruction that burden of proof was on defendant to show contributory negligence without instructing jury to look to the entire evidence in determining the issue of contributory negligence held not reversible error, as having misled the jury into believing that they could not also consider plaintiff's testimony on such issue, in absence of request by defendant for instruction advising jury to consider the entire evidence.

Appeal from Tarrant County Court; W. P. Walker, Judge. ·

Suit by Van Zandt Smith against the Northern Texas Traction Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Capps, Cantey, Hanger & Short and W. D. Smith, all of Ft. Worth, for appellant.

Sam J. Hunter and Dee Estes, both of Ft. Worth, for appellee.

BUCK, J. This is a suit for personal injuries alleged to have been sustained by appellee, Van Zandt Smith, through a collision between one of the appellant's cars and the automobile, which plaintiff's brother, Walter D. Smith, was driving, and in which plaintiff and some ladies were riding. The collision occurred at the intersection of Main and Eleventh streets in the city of Ft. Worth, September 12, 1917, between 10 and 11 o'clock at night. The only ground of negligence alleged was that the car was running at an unlawful speed, in violation of section 57 of the ordinances of the city of Ft. Worth. He sued for damages in the sum of $750, and for doctor's bills and medical treatment in the sum of $50. Defendant answered by way of general demurrer, special exceptions, and general denial, and specially pleaded contributory negligence of the driver of the automobile. The cause was submitted on special issue, and in answer to which the jury found:

(1) That the motorman was operating defendant's street car at a greater speed than 12 miles per hour, the maximum speed permitted on Main street by the ordinance relied upon by plaintiff.

(2) That such unlawful speed was the proximate cause of ·the collision and injury.

(3) That at the time of the collision, the automobile was crossing Main street on the north side of the center of Eleventh street.

(4) That the driver of the automobile was exercising ordinary care at the time of the collision, and was not driving at a speed in excess of 10 miles an hour.

(5) That the driver of the automobile, while crossing Main street on Eleventh street, did not attempt to turn down Main street.

(6) That plaintiff was entitled to $600 to compensate him for his injuries, and was incapacitated for work for 12 days.

(7) That plaintiff was receiving $2.75 per day, which he did not receive during the period of his incapacity.

(8) That he incurred debts for doctor's bills, medical treatment, and ambulance fees to the amount of $22.50.

(9) That the collision, was not the result of an unavoidable accident.

Upon this verdict, the court rendered judgment for plaintiff in the sum of $655.50, with costs of suit, from which judgment the defendant has appealed. No brief for the appellee·appears among the papers of this case.

[1, 2] By a group of assignments, the appellant objects to the testimony of certain of plaintiff's witnesses in their direct examination, to the effect that they did not hear any gong sounded or bell rung on the street car just before the accident. Appellant urges that as the appellee did not allege negligence for failure to sound a gong or ring a bell, it was error to admit this testimony. Defendant in his answer alleged that prior to the collision, and in an effort to warn the occupants of the automobile, the motorman in charge of the car sounded the gong repeatedly. The issue was thus made by defendant as to the sounding of the gong, and it was not error to admit testimony contradicting, or tending to contradict, the allegation, even before defendant had introduced evidence upon this issue. The law supplies the merely formal denial of all material averments of defense pleaded in the defendant's answer in avoidance of a cause of action set out in the petition, and imputes to the plaintiff a denial of the purely defensive matters pleaded by defendant. 21 R. C. L. § 115, p. 555. Therefore the question of whether the motorman sounded the gong was an issue of fact to be determined, and evidence was admissible,· contradicting the allegation made in defendant's answer that he had sounded the gong, even before defendant introduced its proof tending to support such allegation.

[3] Nor do we think that it was error to admit the evidence of Jessie Griffin, to the effect that if the gong had been sounded she would have heard it. This was but a short-handed method of stating that her hearing, and the hearing of other witnesses who testified to similar facts, was normal, and under the surrounding circumstances attending the transaction, the noise of the traffic, etc., she could and would have heard the gong if it had been sounded.

[4, 5] No error is shown in the admission of plaintiff's testimony to the effect that he had not been paid anything by the defendant company, and that he had made a demand upon the company for a settlement. The court properly excluded any testimony with reference to a compromise. Plaintiff had alleged that the defendant company had re-

fused to pay him, and this evidence was proper to support that allegation.

[6] We sustain defendant's assignments 9 and 10, objecting to the introduction of the doctor's bills and the bill for the ambulance, without proof that such bills were reasonable charges for the service alleged to have been rendered, and that plaintiff owed them. The bills were admitted without any evidence that such charges were made by the doctor and undertaking company furnishing the ambulance, or that the charges made were reasonable and proper. T. & P. Ry. Co. v. Hemphill, 58 Tex. Civ. App. 232, 125 S. W. 340; G., H. & H. Ry. Co. v. Hodnett, 155 S. W. 678; Rishworth v. Moss, 191 S. W. 843.

[7, 8] We find no error in the action of the court in admitting the evidence of Nellie Vance, one of the occupants of the automobile, to the effect that the automobile did not turn south on Main street from Eleventh street. We do not think the question propounded by plaintiff's counsel was leading. Assignments 12, 13, and 14 complain of the admission of the testimony of Walter D. Smith as to the damage done the automobile by the collision, and that the automobile was dragged some 75 feet or more before the street car stopped. We think this evidence was admissible on the issue of whether the street car was running at an unlawful speed or not. The same ruling with reference to the testimony of J. W. Lennox, as shown in the nineteenth assignment, as to the location of the wrecked automobile the next morning after the accident, and the marks and tracks on the street that he found, tending to show that the automobile had been dragged a considerable distance, and the condition of the automobile as to being injured. The fact that he was not present at the accident, and therefore was unable to state whether the car where he found it the next morning was in the same place and in the same condition as it was immediately after the accident, goes to the weight of his testimony, and not to its admissibility.

[9, 10] We find no reversible error shown in the sixteenth assignment in the remarks of counsel for plaintiff while cross-examining A. M. Huffman, the motorman in charge of the street car. The counsel was not required to disclose to the witness, or to the defendant's counsel in the presence of the witness, his purpose in asking the witness certain questions, asked for the alleged purpose of testing the truth of the witness' testimony. Wigmore on Evidence, § 811 (3). While his side bar remarks to defendant's counsel were not proper, they do not appear to have been of such a nature as to call for a reversal of the judgment. Such remarks, as well as those complained of in the twentieth, twenty-first, and twenty-second assignments, could have only had the effect of increasing the damages, and since no assignment is directed to the excessiveness of the verdict, these remarks become harmless error, at any rate.

M., K. & T. Ry. Co. v. Avis, 41 Tex. Civ. App. 72, 91 S. W. 877, affirmed by the Supreme Court, 100 Tex. 33, 93 S. W. 424; W. U. Tel. Co. v. Perry, 30 Tex. Civ. App. 243, 70 S. W. 439, writ denied.

[11] Also we find no error in the questions propounded to this witness as to how quick and within what space he could stop his car if it were running 8 miles an hour, 4 miles, etc. He testified that he was going 8 or 10 miles an hour when the collision occurred, and that just before he started across Eleventh street he was running only 2 or 3 miles an hour. This testimony, objected to by defendant, had a bearing upon the issue of the speed at which the street car was running at the time of the collision. The plaintiff's evidence tended to show that the automobile was dragged from 75 to 150 feet before the car was stopped.

[12-14] The twenty-third assignment complains of the action of the court in permitting plaintiff to introduce in evidence section 57, title 9, of the city ordinances, relating to the speed at which street cars and other vehicles were allowed to operate on the streets of Ft. Worth. The defendant admitted that the ordinances, codified January 26, 1915, and apparently certified in his official capacity by the city secretary, was in fact certified by the secretary, and he would so testify if he were present. The objection to the evidence was on the ground that the plaintiff had not shown that said ordinance was in effect at the time of the trial, and on the further ground that it had been superseded by the state highway law. We think that the admission of the defendant that the secretary would testify, if he were present, that he did certify the ordinances containing the ordinance in question, on January 26, 1915, was in effect an admission that the ordinance was in effect on said date. When the existence of a person, a personal relation, or a state of things, is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised, from the nature of the subject in question. 1 Greenleaf on Evidence, § 41; 16 Cyc. p. 1052, § 3. The state has not attempted to define the maximum speed at which a street car or automobile may run on the street of Ft. Worth, and it is within the province of the legislative officials of the city of Ft. Worth to fix a maximum speed on its streets, providing such maximum speed is not in excess of that provided by the laws of the state.

The twenty-fourth, twenty-fifth, and twenty-sixth assignments of error complain of certain issues submitted to the jury with reference to whether or not the street car was being operated at a greater rate of speed than 12 miles an hour at the time of the collision. These assignments are grounded on the objection made to the introduction of the evidence complained of in the twenty-

third assignment, and are overruled for the reasons stated.

[15] In the twenty-seventh assignment, appellant objects to that part of the court's main charge, in which he submits to and instructs the jury as to the burden of proof being upon the defendant to show by a preponderance of evidence certain facts which the defendant relied on to establish contributory negligence. In this charge, the court instructed the jury that "the burden of proof is upon the defendant to show by a preponderance of the evidence" that certain facts existed as alleged by the defendant, and which it sought to prove in order to establish contributory negligence. Appellant urges that the charge was misleading, in that it was calculated to make the jury believe that they could not consider plaintiff's testimony on this issue, but were limited to defendant's evidence, and that there was considerable testimony by plaintiff's witnesses tending to establish the affirmative of the issues presented. This assignment is not directed to the refusal of a special charge, in effect telling the jury that in determining whether or not the facts necessary to establish contributory negligence were proven they could look to plaintiff's testimony as well as defendant's. In T. & P. Ry. Co. v. Reed, 88 Tex. 439, 31 S. W. 1058, the Supreme Court held that it was error to refuse to instruct the jury that—

"The burden of proof is on the defendant to show the contributory negligence of the plaintiff, unless it appears from the plaintiff's own evidence. If it does so appear, you will find for the defendant."

In G., C. & S. F. Ry. Co. v. Hill, 95 Tex. 629, 69 S. W. 136, the Supreme Court, in answering certified questions from the First district, said that it was improper for the court to charge the jury that the burden of proof was upon the defendant to establish the defense of contributory negligence, because such charge was calculated to lead the jury to believe that they should consider alone the evidence offered by defendant upon that issue. In this case the defendant did not request an instruction, advising the jury that they might look to all the testimony for evidence upon this issue. The Supreme Court in the last-cited case and in support of its conclusion cites only Railway Co. v. Reed, supra. In the case of G., C. & S. F. Ry. Co. v. Melville, 87 S. W. 863, the Galveston Court of Civil Appeals considered this question, but decided that in that case the charge as a whole could not have misled the jury, since they were in effect told that in determining the issue of contributory negligence they should look to the evidence as a whole, and look to all the facts and circumstances. In Texas Cent. Ry. Co. v. Perry, 147 S. W. 305, writ denied, this court reached the conclusion

that, if from the charge taken as a whole it did not appear that the jury understood that in determining the issue of plaintiff's contributory negligence they could not consider plaintiff's testimony, a charge in general terms, placing the burden of proof upon defendant, did not constitute reversible error. In G., C. & S. F. Ry. Co. v. Loyd, 175 S. W. 721, this court, in determining this question, in case reversed for other reasons, suggested that in view of another trial a charge should be given which would obviate the ground of appellant's objection. Hence we conclude, in the absence of a refused charge embodying the instruction that in determining the issue of contributory negligence the jury should look to the entire evidence, the charge given did not constitute reversible error. We are not satisfied that the error, if any, was reasonably calculated to, and probably did, mislead the jury into believing that they could not consider the testimony of plaintiff's witnesses also in determining the issue of contributory negligence. If defendant had desired a different charge than the one given, he should have requested it.

Since we conclude that the trial court erred in admitting the doctor's bill, $11, and the ambulance fee, $5, the judgment below must be reduced to the extent of $16. The judgment will be reformed and affirmed, with costs of this court taxed against the appellee.

Other assignments are overruled.

Reformed and affirmed.