**UNITED STATES FIDELITY & GUARANTY CO. v. WEIR et al. (No. 377.) \***

(Court of Civil Appeals of Texas. Waco. June 10, 1926. Rehearing Denied July 5, 1926.)

**1. Master and servant ⟶405(6).**

Evidence *held* to sustain finding of permanent total incapacity of employee suffering from abscesses in lungs as result of injury.

**2. Master and servant ⟶417(5).**

Instruction defining permanent total incapacity for work, within Vernon's Ann. Civ. St. 1918, art. 5246—33, as disqualification from performing usual tasks in such way as to procure and retain employment *held* proper definition of total disability.

**3. Master and servant ⟶418(5).**

Instruction correctly defining total disability, but purporting to define "permanent" total disability, while not strictly correct, *held* harmless, jury not being misled thereby.

**4. Master and servant ⟶417(5).**

Instruction defining "permanent total incapacity" as disqualification from performing usual tasks in such way as to procure and retain employment *held* proper, in absence of evidence that employee had any calling except manual labor.

**5. Master and servant ⟶417(5).**

Evidence *held* to present jury question as to whether employee was totally and permanently incapacitated and entitled to compensation in lump sum.

**6. Appeal and error ⟶1060(3).**

If answer to issue of fact is dependent on applicable law, erroneous statement of law by counsel with approval of court is erroneous.

**7. Appeal and error ⟶1060(4).**

Erroneous statement of counsel to jury, that insurance company would save money in

case of claimant's death if lump sum was not awarded, having no application to any issue submitted, *held* harmless in view of decided preponderance of evidence supporting lump sum award.

**8. Trial** ⚎ 120(1).

Counsel in argument before jury must confine themselves to discussion of evidence admitted by court.

**9. Appeal and error** ⚎ 1060(4).

Improper argument to jury by counsel does not of itself furnish reason for reversal, unless preponderance of evidence seems against verdict, or there is reason to believe verdict is excessive by reason of such conduct.

Appeal from District Court, Navarro County; Hawkins Scarbrough, Judge.

Proceeding under the Workmen's Compensation Act by B. C. Weir against the United States Fidelity & Guaranty Company. An award of the Industrial Accident Board was affirmed in the district court, and defendant appeals. Affirmed.

Seay, Seay, Malone & Lipscomb, of Dallas, and Richard & A. P. Mays, of Corsicana, for appellant.

King & York, of Austin, James Spiller, of Panhandle, and C. W. Taylor, of Corsicana, for appellees.

STANFORD, J. This action was brought in the district court of Navarro county as an appeal from a decision of the Industrial Accident Board of Texas. Plaintiff alleged he was injured while in the employ of the Home-Okla Oil Company by being struck by an elevator on or about the 16th day of March, 1924. The appellee alleged that he had been permanently and totally disabled while in the course of his employment by reason of having received a severe blow, causing him to fall upon his right side across some heavy timbers, from which severe blow and bruises there developed incurable abscesses in the lungs. The case was submitted to a jury on special issues, and, the answers of the jury so requiring, the court rendered judgment for compensation in a lump sum. Said special issues, the findings of the jury in response thereto, and the evidence bearing upon same will be stated more fully in the disposition of appellant's assignments.

### Opinion.

[1] Under appellant's first assignment it contends that the finding of the jury that appellee was permanently and totally disabled is contrary to the overwhelming weight of the evidence and should be set aside. Appellee testified that he was 26 years of age; that on the 16th day of March, 1924, he was working in the Currie oil field for the Home-Okla Oil Company on a well known as the McCaw No. 1; that on said day while he was in a stooping position, screwing up some screws that hold the rods in the well, the rod elevator and rod fell some 18 or 20 feet and hit him over the left shoulder and rapped him across the back and knocked him some 4 feet, and that he fell, striking his right side against some 3x12 timbers; that he tried to continue to work that day at the same job, could not do the work, and then exchanged his job for a lighter one, but did little work that day—was suffering pain in his left shoulder and right side; that he laid off two days, but was still unable to work, and continued to suffer pain in his right side, until he was operated on about six months later for an abscess in his lungs; that he had hemorrhages from his lungs, had a second operation for another abscess in a different part of his lungs; at the time of trial was in the Navarro County Hospital, where he had been for six months, with three tubes in his right side to drain the pus that accumulated in his lungs. At the time of the trial there was swelling in his feet and his fingers were stiff, and he testified he was unable to walk more than three or four blocks; that he was unable to do any kind of work and was greatly emaciated; that at the time of his injury he weighed 175 pounds and was able to do any kind of hard labor around oil wells; that when he was operated on for the first abscess he weighed 130 pounds. He was corroborated by other witnesses as to how the injury occurred, and also as to his physical condition. Dr. David, also Dr. Shell, testified, in substance, that they had treated appellee; that they had an X-ray picture made of his lungs; that they performed two operations for abscesses in his right lung. Both testified that in their opinion the abscesses in his right lung were caused by the injury, and that he would never be able to perform manual labor. Both testified they had made careful examinations and tests to determine if there were any traces of tuberculosis, and there were none.

In answer to the fourth special issue, the jury found "that on March 16, 1924, the said B. C. Weir sustained personal injuries," and in answer to the eighth issue the jury found "that such injuries did result in the permanent total incapacity of the said B. C. Weir." We think this finding is amply supported by the evidence. We overrule appellant's first assignment.

[2-4] Under its second assignment of error, appellant contends the trial court erred in giving, in connection with special issues 4 and 8, the following instruction:

"You are hereby charged that the phrase, 'permanent total incapacity for work,' as used in the Workmen's Compensation Act, does not imply an absolute disability to perform any kind of labor, but a person disqualified from perform-

ing the usual tasks of a workman in such a way as to enable him to procure and retain employment is ordinarily regarded as totally incapacitated."

Appellant contends this was error, in that said definition was not applicable to the facts of the case, and ignored the evidence in the record of plaintiff's ability to earn a livelihood in other vocations in which he was versed, as shown by the evidence, to wit, a motion picture operator, and ignored the permanency of the injury, etc. As above stated, in response to the eighth special issue the jury found that the injuries to appellee did result in his permanent total incapacity. Article 5246—33, Vernon's Sayles' 1918 Statutes, provides: "In cases where death or total permanent incapacity results from an injury," etc., the injured employee may be entitled to a lump sum payment. We think the expressions, "permanent total incapacity" and "total permanent incapacity," mean exactly one and the same thing, and that appellant's criticism of the wording of the eighth special issue is without merit. The court's explanatory charge given in connection with special issue No. 8 is a correct definition of "total disability," and has many times been approved by our appellate courts. Home Life & Accident Co. v. Corsey (Tex. Civ. App.) 216 S. W. 464; Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316; Georgia Casualty Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601; In re Sullivan, 218 Mass. 141, 105 N. E. 463, L. R. A. 1916A, 378, and note; Moore v. Peet Bros., 99 Kan. 443, 162 P. 295. It was not necessary for the court to define the term "permanent," and the court did not undertake to do so, and, while it was not strictly correct in defining "total disability" to include in the expression defined the word "permanent," at the same time, under the facts of this case, we think, appellant could not have suffered any injury by reason of this technical inaccuracy. The jury doubtless understood the meaning of the term "permanent" as well as the court did. The court gave the jury the correct definition of "total incapacity," and the jury found that "such injuries did result in the permanent total incapacity of the said B. C. Weir," and such finding is amply supported by the evidence. Neither do we think said charge was erroneous as applied to the facts of this case. Appellee testified that he did farm work when he was a child, and that as soon as he was large enough he went to work in the oil fields; that he had never done anything but manual labor; that when he was going to school he learned to operate a picture machine—no evidence as to when this was, but doubtless when a child; no evidence he ever operated a picture machine; no evidence of the physical strength required to operate one. He had no calling except manual labor. The case was tried a year after the injury.

He had been operated on twice for abscesses in his right lung. His feet were swollen, his fingers stiff, he had three drainage tubes in his right side to drain the pus from his right lung, was unable to walk more than two or three blocks, was still in the hospital, and the evidence indicated he would have to continue in the hospital indefinitely. We overrule this assignment.

[5] The record discloses further that at the time of the trial appellee owed medical, surgical, and hospital bills aggregating about $1,000, and that such services were still required and would likely be for an indefinite time, so no one could tell what such bills would finally amount to; he had no property and no income from any source; that if he was allowed his compensation in a lump sum, he wished to pay up his debts, and if he got able to do so he wanted to go West to a higher altitude. As to whether or not he was totally and permanently incapacitated and entitled to compensation in a lump sum was, under the Workmen's Compensation Act, in this case a question of fact for the determination of the jury. Southern Surety Co. v. Hendley (Tex. Civ. App.) 226 S. W. 454; Texas Employers' Insurance Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112; Millers' Indemnity Underwriters v. Lane (Tex. Civ. App.) 241 S. W. 1085; Millers' Indemnity Underwriters v. Schreiber (Tex. Civ. App.) 240 S. W. 963; Georgia Casualty Co. v. Campbell (Tex. Civ. App.) 266 S. W. 854. The jury resolved said issue in favor of appellee, and the trial court approved the finding of the jury, and we think such action on the part of the jury and trial court is fully warranted by the evidence. We overrule appellant's fourth assignment.

[6-9] Under appellant's thirteenth assignment it contends the trial court erred in refusing to grant a new trial on account of improper argument made by appellee's counsel. The record discloses that in the closing argument of appellee's counsel, he said:

"The jury in this case should grant the plaintiff a lump sum settlement of said award, for the reason that in all probability plaintiff will not live long, and the jury can readily see how much the insurance company would save if the boy died."

This argument was objected to by appellant at the time it was made, upon the ground that it was highly prejudicial and appealed to the sympathy and prejudice of the jury, and was a misstatement of the law, in that, if the plaintiff died during the weekly payment period, the company would not have saved anything thereby, all of which objections the court overruled. The harmful effect of improper argument erroneously stating the law, we think, depends in a large measure upon its relation, if any, to the charge of the court. For instance, in this case the court defined "total incapacity for

work." If appellee's counsel in his argument had assumed to state the legal definition of said term, and stated one that was erroneous, and the trial court had overruled objections to said erroneous definition of said term, the same would have been before the jury with the approval of the trial court, and it could properly be said, if it would have been error for the court to so charge, that the improper argument was erroneous. In other words, if the answer to an issue of fact is dependent upon the applicable law, for counsel to erroneously state the law bearing upon said issue, with the approval of the court, is error to the same extent as if the court had so charged. This is really the holding in the cases of Panhandle & S. F. Ry. Co. et al. v. Harp (Tex. Civ. App.) 199 S. W. 502, and Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316. But the erroneous statement of the law in this case, to the effect that the jury could readily see how much the insurance company would save if the boy died, his compensation being payable weekly, had no application to any issue submitted, and could not aid or tend to throw any light upon how the jury should answer any one of said issues, so we think said erroneous statement of the law was harmless, except in so far as it may, if it did, have appealed to the sympathy and prejudice of the jury. It is the duty of counsel in their argument before the jury to confine themselves to a discussion of the evidence admitted by the court, and any discussion of the law or matters outside the record is improper and should not be permitted by the trial court. But improper argument, or the refusal of the court to grant a new trial on account of improper argument, as said by our Supreme Court in I. & G. N. Ry. Co. v. Irvine, 64 Tex. 535—

"within itself, furnishes no sufficient reason for reversing a judgment; and it is only in cases in which the preponderance of the evidence seems to be against the verdict, or in cases in which the verdict seems excessive and there is reason to believe that the verdict may have been affected by such course of conduct, that it becomes ground for a reversal."

See I. & G. N. Ry. Co. v. Irvine, 64 Tex. 535; Galveston, etc., Ry. v. Washington, 25 Tex. Civ. App. 600, 63 S. W. 541; San Antonio, etc., Ry. v. Bowles (Tex. Civ. App.) 30 S. W. 727; I. & G. N. Ry. Co. v. Brisenio (Tex. Civ. App.) 92 S. W. 1000; San Antonio, etc., Ry. v. McMillan (Tex. Civ. App.) 98 S. W. 422; Galveston, etc., Ry. Co. v. Smith (Tex. Civ. App.) 93 S. W. 187. There was practically no dispute as to the serious condition of appellee at the time of the trial, about a year after the injury. We think a decided preponderance of the evidence established that said condition resulted from the injuries, and that such injuries resulted in the total per-

manent incapacity of appellee and the necessity for a lump sum settlement. The findings of the jury being sufficient to require the rendition of the judgment for appellee, and all of said findings being supported by the decided preponderance of the evidence, and it not appearing at all probable that the jury in making its findings to special issues was influenced by said argument, it becomes our duty to overrule this assignment. Anderson Co. v. Reich (Tex. Civ. App.) 249 S. W. 298; G. H. & S. A. Ry. Co. v. Henry (Tex. Civ. App.) 252 S. W. 210; Schmidt v. Houston Electric Co. (Tex. Com. App.) 242 S. W. 1019; Cisco & N. E. Ry. v. Wood (Tex. Civ. App.) 244 S. W. 834; M., K. & T. Ry. Co. v. Avis, 100 Tex. 33, 93 S. W. 424.

Finding no reversible error, the judgment of the trial court is affirmed.